**In re Leo SPEZIO, Bankrupt.**

**Louis A. RYEN, as Trustee, Plaintiff,**

v.

**ENVIRONMENT ONE CORPORATION and Rochester Telephone Corporation, Defendants.**

**Bankruptcy Nos. 77–1720, 82–103A.**

United States Bankruptcy Court, W.D. New York.

Nov. 29, 1982.

Grogan, Heggen & Steenburg, P.C. by David H. Pentkowski, Clifton Parks, N.Y., for defendants.

Relin & Goldstein by Lloyd H. Relin, Rochester, N.Y., for plaintiff.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The trustee for the consolidated bankrupt, Leo Spezio, who was adjudicated under Chapter IV of the former Bankruptcy Act after trying to reorganize under Chap-

ter XI of the former Bankruptcy Act, brought this adversary proceeding to determine the validity and the extent of judgment liens of Environment One Corporation and Rochester Telephone Corporation upon real property of the estate. Rochester Telephone Corporation and the trustee have stipulated a settlement and the judgment lien of Rochester Telephone Corporation has been cancelled and they have been permitted to file a proof of claim in this case.

Environment One Corporation, hereinafter referred to as "Environment", seeks dismissal of the complaint and a declaration that it has a valid lien against the property of Spezio Construction Company, Inc., one of the companies that was consolidated under the name Leo Spezio. It further seeks a determination that its judgment is enforceable against the assets of Spezio Construction Company, Inc. By consent, the trustee has been permitted to sell the Pittsford Gravel Corp. Pit to Son-Dar Enterprise, Inc. free and clear of any liens of Environment's judgment against Spezio and the lien of the judgment, if any, is to attach to the proceeds of the sale.

The parties hereto have stipulated the facts. They are these. The plaintiff is the trustee in bankruptcy of Leo Spezio, and Environment is a corporation organized and existing under and by virtue of the laws of the State of New York. Spezio Construction Company, Inc. is a New York corporation. On June 27, 1975, Spezio Construction Company, Inc. entered into an agreement with the defendant, Environment, for the purchase of a Waste Water Treatment Plant Skid. On June 30, 1977, Spezio Construction Company together with a number of other related corporations filed petitions under Chapter XI of the Bankruptcy Act. Environment was not listed as a creditor in the schedules of any of these corporations which were subsequently consolidated under the name of Leo Spezio. The first meeting of creditors in the Chapter XI case was August 16, 1977. From June 30, 1977 to December 19, 1977, the date of the entry of the Order of consolidation, the aforementioned real property was an asset of Spezio Construction Company, Inc. On December 19, 1977, an Order of consolidation was entered by the Bankruptcy Court. On that date, Environment was not aware of the bankruptcy proceeding and had not been listed as a creditor. On February 9, 1979, an Order was entered confirming a plan of arrangement for the consolidated debtor, Leo Spezio. The last date to file objections and claims was April 5, 1979.

On July 7, 1980, an Order of adjudication was entered under Chapter IV of the Bankruptcy Act adjudicating the consolidated debtor, Leo Spezio. The date set for the first meeting of creditors following the adjudication under Chapter IV was October 20, 1980. The time to file claims in the Chapter IV case expired April 20, 1981.

The defendant, Environment, became aware of the bankruptcy proceeding of Spezio Construction Company, Inc. through a letter of Louis A. Ryen to the law firm of Grogan, Heggen & Steenburg, P.C. dated September 22, 1980. And for the purpose of this proceeding, it is stipulated that notice to the law firm of Grogan, Heggen & Steenburg, P.C. was notice to the corporation. Environment commenced an action in Supreme Court, Schenectady County against Spezio Construction Company, Inc. by service upon the Secretary of State of the State of New York on August 1, 1980. The defendant, Spezio Construction Company, Inc., did not appear in this action and judgment was entered by default on December 15, 1980 in Supreme Court, Schenectady County in the sum of $93,706.20. The transcript of the judgment was filed in Monroe County where Spezio is located on or about June 16, 1981.

Environment claims that any stay against it was annulled 30 days after the first meeting of creditors in the Chapter XI proceeding pursuant to Bankruptcy Rule 11–44(c) because they were not scheduled or informed of the bankruptcy proceeding. The trustee on the other hand claims that even if the original stay was annulled, a new stay arose by reason of adjudication under Chapter IV under Bankruptcy Rule 401(a) and the trustee claims that Environment

was informed of the existence of the bankruptcy before October 20, 1980 of a first meeting of creditors in the Chapter IV proceeding and in time to file a claim and that they were stayed by 401 of the Bankruptcy Rules.

Bankruptcy Rule 11–44 of the Rules of Bankruptcy Procedures reads in part as follows:

(a) Stay of Actions and Liens Enforcement. A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him or of any act or the commencement or continuation of any court proceeding *to enforce any lien against* * his property, or any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

(b) Duration of Stay. Except as it may be deemed annulled under subdivision (c) of this rule or may be terminated, annulled, or modified, or conditioned by the bankruptcy court under subdivision (d), (e), or (f) of this rule, *the stay shall continue until the case is closed, dismissed, or converted to bankruptcy or the property subject to the lien is, with the approval of the court, abandoned or transferred.**

(c) Annulment of Stay. *At the expiration of 30 days after the first date set for the first meeting of creditors, a stay provided by this rule other than a stay against lien enforcement shall be deemed annulled* * as against any creditor whose claim has not been listed in the schedules and who has not filed his claim by that time.

Bankruptcy Rule 601(a) reads as follows:
(a) Stay Against Lien Enforcement. The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) *a lien against property in the custody of the bankruptcy court,* or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

In this particular case, Environment claims that the filing of the default judgment obtained in Supreme Court, Schenectady County in the County Clerk's office of Monroe County gives them a lien upon the property of the debtor in that County. They claim that at that time more than 30 days had gone by since the initial filing of the bankruptcy under Chapter XI in June of 1977 and they claim the stay of Bankruptcy Rule 11–44 was lifted.

 The parties in this case mistake the effect of the automatic stay in a proceeding against the bankrupt as it effects rights to property of the estate and the exclusive summary jurisdiction of the Bankruptcy Court to determine rights to the property in its custody. Bankruptcy Rule 11–44(a) continues in effect despite lack of notice to Environment not against actions against Spezio but as to lien enforcement against property of Spezio. That stay is continued against any court proceeding to enforce the lien against property of the estate. That stay continues under Bankruptcy Rule 11–44(b) until the case is closed, dismissed or converted to bankruptcy. At the time, the estate was converted to bankruptcy, Bankruptcy Rule 601 went into effect and it again stayed the enforcement of a lien against property of the estate that was in custody of the Bankruptcy Court. The stay against lien enforcement was in effect from June, 1977 to date. In this case, title to the property was vested by law in the trustee in bankruptcy and was subject to the jurisdiction of the Bankruptcy Court at the time Environment got their judgment. Hence, they cannot have the lien they claim upon property of the estate and it is so ordered.

* Emphasis Added.